UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MICHAEL GALE, ET AL.,

    Plaintiffs,

  - against -

PROSKAUER ROSE LLP, ET AL.,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 3:12-CV-1803-N

Hon. David C. Godbey

**OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
AND BRIEF IN SUPPORT THEREOF**

Defendants Proskauer Rose LLP and Chadbourne & Parke LLP (collectively, "defendants")[1] respectfully submit this Opposition to Plaintiffs' Motion to Remand and Brief in Support Thereof, in accordance with the Court's July 3, 2012 order (Dkt. No. 39).

This Court should defer ruling on plaintiffs' motion to remand until the U.S. Supreme Court has had an opportunity to decide the petitions for certiorari that defendants filed on July 18, 2012 in Troice v. Proskauer Rose LLP, No. 3:09-CV-1600-N (N.D. Tex.) (Godbey, J.), a related class-action that plaintiffs have described as asserting "the *exact same* claims" as this case. App at 4.[2] Whatever the outcome of those petitions, it is very likely that further

---

[1] As of the date of this filing, defendants Thomas V. Sjoblom, Spencer C. Barasch and Chadbourne & Parke LLP have not been served. Defendants Sjoblom and Barasch expressly reserve all their rights, claims and defenses, including without limitation all defenses relating to jurisdiction. In joining this Opposition, defendant Chadbourne does not waive, and expressly reserves, all rights, claims and defenses, including without limitation all defenses relating to jurisdiction.

[2] Citations in the form "App. __" are to exhibits to the Declaration of James P. Rouhandeh, included in the Appendix filed concurrently with this Opposition.

proceedings in the Troice action will render this case—and the motion that is currently before the Court—a dead letter.

Defendants removed the instant action pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") 15 U.S.C. §§ 77p(c), 78bb(f)(2). The removal was based, in large measure, on this Court's October 21, 2011 decision holding that the Troice action was subject to SLUSA preclusion. See Troice, et al. v. Proskauer Rose LLP, et al., No. 3:09-CV-1600-N (N.D. Tex. Oct. 21, 2011); Roland, et al. v. Green, et al., No. 3:10-CV-0224-N (N.D. Tex. Aug. 31, 2011). Shortly after the Court issued that ruling, plaintiffs' counsel filed this and four other nearly identical actions in Texas state court—each naming less than 50 plaintiffs in an admitted effort to circumvent this Court's SLUSA ruling—which are now pending before this Court. Indeed, Plaintiffs' counsel notified this Court at the time that these actions were essentially the same as the Troice action, and were filed only "out of an abundance of caution." App. at 4. Plaintiffs' counsel further advised that they would dismiss those state-court actions voluntarily if and when the Fifth Circuit reversed the order in Troice, so that their clients could proceed by means of a class action. Id.

The Fifth Circuit subsequently reversed the Troice order in Roland v. Green, 675 F. 3d 503, 523-24 (5th Cir. 2012). Defendants have now sought review of the Fifth Circuit's decision in the Supreme Court. App. at 6-267. A ruling on the instant motion to remand before the Supreme Court has considered the certiorari petitions would be premature and would result in a waste of this Court's resources and the resources of the parties. That is because if the Supreme Court denies certiorari or grants certiorari and affirms the Fifth Circuit's decision in Roland, plaintiffs have committed to dismiss this action and rejoin the Troice case, rendering moot the pending motion to remand. If the Supreme Court grants certiorari and reverses the Fifth Circuit,

2

then any decision it issues will be critical to whether plaintiffs may maintain the state court litigation. See Kircher v. Putnam Funds Trust, 547 U.S. 633, 643-44 (2006) (removal provision of SLUSA and the preclusion provision of SLUSA are coextensive). Thus, any ruling by the Supreme Court concerning preclusion in the Troice case would be directly relevant to whether this case was properly removed in advance of another motion to dismiss under SLUSA.

If the Court were to remand this action prior to a decision by the Supreme Court, the parties would have to litigate in state court an action that may well ultimately be dismissed— either voluntarily by plaintiffs if defendants are unsuccessful in the Supreme Court or, if defendants prevail, then by virtue of the fact that further litigation in state court will be precluded under SLUSA. To avoid such a result, defendants respectfully request that the Court decline to rule on plaintiffs' remand motion until the Supreme Court has ruled on the pending certiorari petitions, and if certiorari is granted, until after the Supreme Court issues a decision in Troice.

## PROCEDURAL HISTORY

Plaintiffs originally filed this action as Michael Gale, et al. vs. Proskauer Rose, LLP, Thomas V. Sjoblom, Chadbourne & Parke LLP, and C.A.S. Hewlitt & Co., Ltd., Cause No. 2011-CI-20427, in the 285th Judicial District Court, Bexar County, Texas on December 30, 2011.

On the same date, other plaintiffs, who are represented by the same attorneys, filed three substantially identical petitions in Harris County (Green, et al. v. Proskauer Rose LLP, et al., Cause No. 2011-77805; Garza, et al. v. Proskauer Rose LLP, et al., Cause No. 2011-77793; and Martin, et al. v. Proskauer Rose LLP, et al., Cause No. 2011-77800) and two substantially identical petitions in Bexar County (Ibarra, et al. v. Proskauer Rose LLP, et al., Cause No. 2011-CI-20425 and Reed, et al. v. Proskauer Rose LLP, et al., Cause No. 2011-CI-20426).

On January 20, 2012, amended petitions were filed in each of the six state court actions, adding Spencer Barasch as a defendant.

On January 27, 2012, defendants removed all six state court actions pursuant to SLUSA. As grounds for removal, defendants asserted that the six actions were all (a) "covered" class actions, 15 U.S.C. §§ 77p(f)(2)(A)(i)-(ii), 78bb(f)(5)(B)(i)-(ii); (b) based on state statutory and common law, id. §§ 77p(b), 78bb(f)(1); (c) alleging misstatements or omissions of material fact, id. §§ 77p(b)(1), 78bb(f)(1)(A); and (d) alleging misrepresentations "in connection with" the purchase or sale of a "covered security," id.

The instant case, Gale, et al. v. Proskauer Rose LLP, et al., was removed to the United States District Court for the Western District of Texas, San Antonio Division.

On February 3, 2012, plaintiffs filed a motion to remand this case to state court. On June 7, 2012, the United States Judicial Panel on Multidistrict Litigation ("JPML") entered an order transferring this action, as well as four of the five other state court actions,[3] to this Court. The JPML held that the actions involved "common questions of fact with the actions previously transferred to" the forum that had been selected by the JPML for "actions arising out of alleged misrepresentations or omissions as to the safety of Stanford investments (primarily SIB certificates of deposit)." App at 268-70.

## THE TROICE CASE

This action, and the four related actions that were transferred to the Court by the JPML, are all based on allegations that are nearly identical to the allegations in the second amended

---

[3] The four other state court lawsuits that were transferred to this Court by the JPML were the Green, Martin, Ibarra, and Reed actions described above. The other lawsuit originally filed in state court, Garza, was removed to U.S. District Court for the Southern District of Texas but was subsequently remanded to state court by an order of the Honorable David Hittner on April 27, 2012, before the JPML's June 7, 2012 transfer order was issued. Garza, et al. v. Proskauer Rose LLP, et al., No. H-12-274 (S.D. Tex. Apr. 27, 2012).

complaint in Troice v. Proskauer Rose, LLP, No. 3:09-CV-1600-N (N.D. Tex.) (Godbey, J.), a putative class action that was filed by the same plaintiffs' counsel in this Court in 2009. The plaintiffs in this action are all putative class members in the Troice action. The Troice case was dismissed with prejudice by this Court pursuant to SLUSA on October 21, 2011.

On January 4, 2012, counsel for the plaintiffs in all six state court actions filed an "Advisory to the Court from Castillo Snyder, P.C. Regarding Filing of Individual State Court Lawsuits" in the Troice action. App. at 3-5. The notice informed the Court that the six state court actions had been filed as a result of the Court's order dismissing the Troice action. The notice stated that the plaintiffs in these actions had filed their petitions to toll the running of the statutes of limitations on their claims, which, with two exceptions, are identical to the claims that were dismissed in Troice. The notice also stated that if the Fifth Circuit reversed the Troice dismissal order, the plaintiffs would dismiss the six state court actions. Plaintiffs could hardly have been more forthcoming that they filed copycat actions in state court in order to escape the preclusive effect of SLUSA, as determined by this Court.[4]

The Troice plaintiffs appealed this Court's dismissal order, and the United States Court of Appeals for the Fifth Circuit reversed this Court's order on March 19, 2012. Deciding an issue of first impression, the Fifth Circuit held that the connection between the alleged fraud and the transaction in covered securities alleged in the Troice complaint was insufficient to meet the standard for SLUSA preclusion. Roland v. Green, 675 F. 3d 503, 523-24 (5th Cir. 2012).

---

[4] In dismissing Roland and the related litigation including Troice, on the grounds of SLUSA, this Court did not reach defendants' other grounds for dismissing this litigation, which is unprecedented in its effort to impose billions of dollars of damages on law firms that represented a client in an SEC investigation and that are not alleged to have made any misrepresentations to plaintiffs or to have participated in the former client's alleged Ponzi scheme.

On July 18, 2012, defendants petitioned the United States Supreme Court to grant a writ of certiorari to review the judgment of the Fifth Circuit.  Those petitions are currently pending.

**ARGUMENT**

Defendants respectfully request that the Court defer ruling on plaintiffs' motion to remand because, whatever the resolution of defendants' petitions for certiorari in the Supreme Court, deciding the motion at this point would be a waste of judicial resources and the resources of the parties.

Plaintiffs' complaint in the instant action is based on allegations that are nearly identical to those in the Troice complaint, as plaintiffs have conceded.  As a result, if the Supreme Court grants defendants' petitions for certiorari in Troice and reverses the decision of the Fifth Circuit, its decision will bear directly on the scope of SLUSA preclusion and federal jurisdiction in the instant case.  See Kircher, 547 U.S. at 643-44 (noting that "removal jurisdiction under [15 U.S.C. § 77p(c)] is understood to be restricted to precluded actions defined by subsection [15 U.S.C. § 77p(b)]").  Were this Court to remand the instant action prior to such a ruling by the Supreme Court, the parties would be forced to re-litigate SLUSA preclusion in state court after that ruling, or else to remove the case again so that this Court can consider again the applicability of SLUSA in light of the Supreme Court's decision.  In the meantime, any proceedings occurring in the state court will have been a waste of judicial and party resources—especially if the action ultimately is precluded.

If the Supreme Court denies defendants' petitions for certiorari, or grants the petitions and affirms the decision of the Fifth Circuit, a decision to remand this action now would result in even more waste.  Plaintiffs' counsel has already indicated in the "Advisory Notice" filed in the Troice action that:

> [A]ll of [plaintiffs' counsel's] clients listed as named plaintiffs in the six lawsuits have agreed, in writing, to allow Castillo Snyder P.C. to dismiss these individual cases if and when the Fifth Circuit reverses this Court's SLUSA dismissal so that they can rejoin the putative class as absent class members.

App. at 5. Thus, should the Fifth Circuit's reversal of this Court's dismissal order remain controlling law—because the Supreme Court either denies certiorari or upholds the Fifth Circuit's decision on the merits—plaintiffs' counsel will dismiss this case, and plaintiffs will reinstitute the proposed class in Troice. In that event, any further proceedings in this case, including a decision on plaintiffs' motion to remand would be pointless because plaintiffs have committed to dismissing the action entirely.

## CONCLUSION

For all of these reasons, defendants respectfully request that this Court defer ruling on plaintiffs' motion to remand until the U.S. Supreme Court has had an opportunity to decide the petitions for certiorari and, if certiorari is granted, until the Supreme Court issues a decision in the Troice case.


Dated: July 24, 2012              Respectfully submitted,

                                  DAVIS POLK & WARDWELL LLP

                                  By:   /s/ James P. Rouhandeh
                                  James P. Rouhandeh
                                      rouhandeh@davispolk.com
                                  Daniel J. Schwartz
                                      daniel.schwartz@davispolk.com
                                  Richard A. Cooper*
                                      richard.cooper@davispolk.com

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800

*Application for admission *pro hac vice* to be filed

- and -

CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, LLP

By:   /s/ Bruce R. Collins
Bruce W. Collins
   bcollins@ccsb.com
Neil R. Burger
   nburger@ccsb.com

901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone: (214) 855-3000
Facsimile: (214) 855-1333

*Attorneys for Defendant Proskauer Rose LLP*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:   /s/ Daniel J. Beller
Daniel J. Beller*
   dbeller@paulweiss.com
Daniel J. Leffell*
   dleffell@paulweiss.com
William B. Michael*
   wmichael@paulweiss.com

1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Applications for admission *pro hac vice* pending

- and –

VINSON & ELKINS LLP

By:   /s/ Harry M. Reasoner
Harry M. Reasoner
   Texas Bar No. 16642000
1001 Fannin Street, Suite 2500
First City Tower
Houston, Texas 77002-6760
Telephone: (713) 758-2222
Facsimile: (713) 615-5173
E-mail: hreasoner@velaw.com

William D. Sims Jr.
   Texas Bar No. 18429500
2001 Ross Avenue, Suite 3700
Trammell Crow Center
Dallas, Texas 75201-2975
Telephone: (214) 220-7700
Facsimile: (214) 220-7716
E-mail: bsims@velaw.com

*Attorneys for Defendant Chadbourne & Parke LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2012, I electronically transmitted the foregoing document to all parties of record using the ECF system for filing.

                                              /s/ Neil R. Burger